Aileen Mullin v. Secretary, U.S. Department of Veterans Affairs Our third case is number 22-12354, Aileen Mullin v. Secretary, U.S. Department of Veterans Affairs Mr. Radford May it please the court, my name is James Radford and I'm here with my associate, Zachary Panter and we are proud to represent Aileen Mullin who is here today with her daughter This is an appeal related to an employment discrimination case brought under the Rehabilitation Act against the Department of Veterans Affairs Ms. Mullin began to serve the Department of Veterans Affairs in 2009 Over the course of her time there, she developed severe respiratory illnesses such as chronic allergic sinusitis and asthma These conditions worsened progressively throughout the period of 2013 exacerbated by the poor air quality in the St. Petersburg Regional Office where she was assigned To add to all of this Can I ask you to clarify one thing before you move on to the rest of the argument? I just want to, I think I'm right, but I want to make sure I haven't gotten your position incorrect With regards to your second argument about the privacy violation via the unlawful disclosure Yes, Your Honor That does not relate to her asthma and respiratory difficulties It relates to the cancer diagnosis That's exactly right, Your Honor Go right ahead The next part of my soliloquy actually was going to be to add to all of the respiratory illnesses that she was experiencing In March of 2012, she was diagnosed with breast cancer which required extended time off of work for treatment and recovery Why don't we, I'd like to start with that claim That is the claim related to the unlawful disclosure of information related to her breast cancer That is the issue that first led her to contact an EEOC counselor With the Department of Veterans Affairs Which began the administrative process that ultimately led to this case And that is a distinct issue And so I'll start with that if that's okay with Your Honors Sure The claim, so the evidence in the case is that in order to receive FMLA leave for surgery related to her breast cancer Ms. Mullen was required to submit FMLA paperwork Which on the paperwork given to her by the VA and Human Resources and required for her to fill out It requested specific information about her health condition Diagnosis, symptoms, treatment that she would need And it is our position, and this is supported in the case law That that is an inquiry by the employer as to the employee's health condition The Rehabilitation Act allows an employer to require such information for FMLA leave, right? Correct, yes Your Honor Your position is not that the requirement itself was improper But that there was a disclosure of the information by somebody Within Ms. Mullen's chain of command to somebody at the union And that constituted the play that we saw Yes, Your Honor So the Americans with Disabilities Act Which the courts have basically incorporated the protections of the ADA Into the Rehabilitation Act Require that when the employer does make that sort of inquiry They are then required to hold that information confidential In other words, the employer is entitled to ask for that information And they have a duty not to disclose it outside of sort of a need-to-know basis You can't gossip about it in the workplace and that sort of thing This was a very sensitive issue to Ms. Mullen, obviously This was a very private issue It was reported to her HR office And then she learned on the eve of actually going into her surgery That a union steward who was not at all in the chain of custody Of who she would have submitted this information to Had detailed information about her tumor And the sort of surgery that she was going to receive And even offered to Ms. Mullen That the HR manager who disclosed it to him Had opined that her breast cancer and her tumor That that was actually the reason why she was having all of the respiratory conditions So there was some sort of misinformation packaged along with the wrongful disclosure Ms. Mullen testified that this caused her great stress and anxiety Especially, you know, she's on the verge of going into surgery A major surgery, her life is at risk And she learns that this information has been disclosed without her permission In terms of making out a violation for a privacy disclosure What do you have to show in terms of effect to get some sort of relief? Yes, Your Honor So this court, in the case of Harrison v. Benchmark That's 593 F. 3rd 1206 Describes the sort of injury that the plaintiff has to suffer As, quote, pecuniary, emotional, or otherwise So this court has specifically stated that emotional type injuries That is a tangible harm for which a plaintiff may recover In a wrongful disclosure case Ms. Mullen certainly testified that she had significant emotional distress As a result of this And that is something that a jury ought to be able to assess I will note as a procedural point The district court did not specifically address the issue Well, no, I'm sorry That is actually the point that the district court found against Ms. Mullen on Was that there was no injury But her testimony was compelling Did it say so definitively or it thought that it didn't think that there was a tangible injury? Well, the court found that there wasn't I mean, the court dismissed the claim on summary judgment So, you know, thereby finding that she had not proven harm Which is an element of the offense Of the tort, so to speak So there are other issues related to the disclosure claim Because the district court did not make a finding As to the question of whether there was an inquiry or not The court made sort of a flippant comment That the court is not convinced there is But it was in a footnote I mean, if we were to find that your client has shown a tangible injury We would remand on that issue Yes, your honor, correct And so the district court could theoretically Make additional factual findings on the question Was there an inquiry So, you know, whereas in the briefing There's some back and forth as to what the law is on that issue But because the district court did not make a specific finding as to that It's really not right for this court to decide The court doesn't have to decide that question That would be up to the district court on So you don't want us to do that Even though it's basically application of law to facts of summary judgment I mean, facts are pretty much undisputed as to what happened Right Historically Right The VA required the submission of an FMLA form Yes That required certain medical information about the condition The diagnosis, the treatment, etc Yes Ms. Mullen filled it out or had her doctor fill it out Submitted it And then there was a disclosure Yes You want all that to go back to the district court? Well, we want to have a trial on that issue I know, but if you go back to the district court You may or may not have a trial on that issue Well If the district court rules against you on whether or not there was an inquiry An inquiry, yes, your honor Then you're back up here again Yes, sir And I'm absolutely prepared to address that point So there's a I'm just asking you I'm not pushing you one way or the other You want that issue sent back to the district court If we agree with you on the injury portion? No, your honor I would like you all to decide this issue The Doe case, which is a U.S. Postal Service case In the D.C. Circuit Addresses this issue square on As to whether an FMLA form That the employee is required to submit In order to receive medical leave Whether that is an inquiry under the Rehabilitation Act And the court said Yes, of course it is Because if the employee does not submit that information The penalty to that employee is That they will not receive the leave So they are truly compelled to provide that information By their employer There are cases that the agency cites It's the Taylor case and the Lee case That's the Fifth and the Sixth Circuit cases Those cases are both very different Those are putative class actions Filed by police officers Related to a police department's sick leave policy Which was not exclusive to FMLA And was not exclusive to a situation like this Where an individual is requesting An accommodation in the form of medical leave And completes FMLA paperwork related to that In those cases the court said There's not a Rehabilitation Act violation Because everyone who applies for sick leave Whether you have a cold Or because you have a serious disability Has to present doctor's information  And while that may tend to reveal information About some employees who have a disability It's not specifically going to reveal a disability And therefore would not implicate the Rehabilitation Act I see my time has expired, if I may May I ask a question? Let's assume that Even if the FMLA certificate is an inquiry under the ADA Can you talk about Why it would be an inquiry under the Rehabilitation Act? Yes, Your Honor Because they're a little different, are they not? Yes, Your Honor So there's a language in the Rehabilitation Act That refers to discrimination solely On the basis of disability And courts have said that That is a higher causation requirement Versus the ADA ADA requires but-for causation Whereas the Rehabilitation Act requires sole causation And so courts have said that For example, in the Taylor case and the Lee case In which you're dealing with a sick leave policy That applies to anyone who asks for sick leave Again, whether it's for a disability Or whether it's for a cold or whatever it is That that is not an inquiry based solely on disability It could relate to non-disability related issues The reason FMLA is different Is because it is By its very nature If someone is requesting extended time off of work Or a serious medical condition That is a disability As defined certainly under the amendments to the ADA Which have an expansive view of disability That the point of FMLA leave Is not standard sick leave because I have a cold It's because I have a quote-unquote Serious medical condition That requires me to be off of work So this case is more like the Doe case In that there is a nexus between A specific nexus between the disability And the request for FMLA leave Technically The anti-disclosure provision is contained In section 12112D4 of the ADA, right? Yes, your honor The way you get that in a Rehabilitation Act claim Is through 29 U.S.C. 791F and 794A Or 794D, right? That's the statute that incorporates Yes, sir Okay, all right, thank you very much Thank you, your honors Ms. Sweeney Good morning, excuse me Good morning, your honors May it please the court Sarah Sweeney on behalf of the secretary Hold that mic down I'm sorry, sir, thank you Is that better? Okay So I would like to start with Judge Jordan I think you asked On what basis did the district court Reject this claim below? And basically what the court said below Was that Ms. Mullen had only presented A scintilla of evidence That she had actually suffered any damages So I would like to start with that point And then go to the inquiry point second If that's acceptable to the court I want to note specifically What Ms. Mullen said During her deposition below About the harm That was caused by this disclosure And the court can find that At Doc 32-2 at page 93 She said Bonnie And that's Ms. Wax The HR representative Who told the union representative About the cancer At least as far as What this email shows I want to make one point on that Which is that If you read the email itself It does not read Like Mr. Crump Has just learned about the breast cancer He doesn't express surprise He doesn't express concern For Ms. Mullen's health It reads like Someone who has known about this Understood Understood that that's not Really the main point here But then turning to what Ms. Mullen did say About what this caused her Bonnie had to interject Her issues around the building And defending the building I went under anesthesia Worried about Bonnie Wax And what she was going to do to me I came out of anesthesia that way What the anxiety did to my body And my brain And her callousness So essentially what Ms. Mullen presents here Is not that she was harmed By Mr. Crump Knowing about her breast cancer What she felt she was harmed by Was Ms. Wax Who was the head of HR Knowing about her breast cancer And that was not Ms. Wax knowing Was not any kind of an unlawful Or unallowed disclosure She was worried about Ms. Wax Because Ms. Wax was starting to disseminate Understood But she doesn't actually say that Your Honor She just says she's worried You're at summary judgment So then You're not The district court is not allowed To weigh evidence This isn't about Sorry What If she had said In answer to a question at deposition I was floored Distraught Terrified Overwhelmed By this disclosure And the knowledge that someone else Not at my employer Would know about my condition Would that get her past summary judgment On the injury point I believe it would Your Honor Because it would tie directly And what you read did not No Because she doesn't tie anything To the disclosure It's all about Ms. Wax's knowledge Which is not Not allowed under the rehab act It's what she did with the knowledge What she's going to do to me Isn't that the language you read What she was going to do to me What would she do to her With that knowledge I don't know what What she did with Mr. Crump What she did with Mr. Crump Which is to disseminate So then Your Honor Then I think you look at What happens next And so this is around The beginning of May And so by the end of June A request for leave donations Is sent out to the entire group At the VA there At that VA facility Asking for leave donations For Ms. Mullen And it included her Breast cancer diagnosis in there So even if you want to think about But that's a voluntary decision by her But if you want to think about damages It's still That just means your damages are less Your damages are limited I mean That just means you have a That just means theoretically You have a weaker case for Ms. Mullen On the amount of damages She had a shortened period of time At some point she decided Because she wanted to Get into the leave donation bank To disclose And she made a voluntary disclosure Of her own free will So that just means you have A truncated portion of time For damages And you may not have A whopper of a case In terms of liability For the jury I think it shows You're at summary judgment I think it shows there's no I mean I understand I think you should I'm only speaking for myself I think you would be best served By going to the inquiry argument Because let's assume That there is a tangible injury Yes your honor Absolutely So I think that My colleague has identified The key cases in this area And he is correct That the secretary would ask That you rely on Lee and Taylor From the 5th and 6th circuits Rather than the Doe case From the D.C. circuit I think where we part ways Is our understanding about What an FMLA form requests If you'd like to see the FMLA form That Ms. Mullen filled out in March Which is the subject of this That's at doc32-2 at 491 And you can see from the face of the form itself That it asks about things That are beyond disability And in fact I found this On the Department of Labor's website The FMLA's definition Of a serious health condition Is broader than the definition Of a disability Encompassing pregnancy And many illnesses, injuries, impairments Or physical or mental conditions That require multiple treatments And intermittent absences But isn't the issue here Like when you look at that That a reasonable jury Could maybe find that Questions that are on that particular form Are likely to elicit information Concerning Ms. Mullen's Alleged disability I think the question, Your Honor Under the Rehab Act According to the logic Set forth in the 5th and 6th circuit It's not whether it's likely Or possible It has to be intended to Or certain to Like necessary To disclose those things Under the Rehab Act According to the analysis In those cases Because of the Rehab Act's requirement That actions be taken Solely on the basis of disability What did this form request? It requests a description Of why someone is seeking advanced I mean, sorry, not advanced Family Medical Leave Act approvals And as the Is that broadly Or it asks for the condition The diagnosis The treatment, et cetera It asks a doctor To provide some kinds Of different information Including how often Do you expect the employee Will be out Can the employee perform Their work obligations During this time It asks for how long The condition is expected to last It asks for the condition Yes, it did But as Because not all conditions Are disabilities And that is the driving distinction And why this FMLA form Is like the leave restrictions Which I agree Those cases did not involve FMLA forms You're saying you do The inquiry analysis Based on what's returned? No, you do it Based on the form itself, Your Honor The form itself is asking For the information But the form itself Does not necessitate Or intend For a disability to be disclosed The way you can figure it out Is by doing it at the back end To see what was returned On the form No, you look at what's intended As it goes out, Your Honor Like is it intended Or required That a disability be disclosed And this is a widely available form That's used for all types of things Including pregnancy And other conditions As is explained By the Department of Labor If you have I'm sorry But if you have a pregnancy That's high risk You have preeclampsia Or you have high blood pressure And is that not Potentially a disability If you're going to be out For six months And you have to be on bed rest? I don't believe Your Honor, I don't actually know If pregnancy can ever be considered A disability legally I don't think in general it is Instead you get the entitlement To the Family Medical Leave Act Which enables you to take Twelve weeks of leave That you can then use While your pregnancy continues That's the goal of it It's not It does not intend Or necessitate a disability Before someone is entitled To FMLA leave So your position is That an FMLA form Can never be an inquiry? That is correct, Your Honor Under the Rehab Act And so the DC case Addresses the ADA Which has a lower linkage requirement And it can apply Where the form But doesn't the Rehabilitation Act Incorporate a fair number of The ADA's remedial provisions Through Section 791 and 794? Yes, Your Honor Except for the requirement That the solely requirement Which exists only under the Rehab Act And I think that's set forth In the Ellis case That's cited in the VA's brief If there are no further questions We will The Secretary will rest on its brief And ask that I do actually have a question Yes, Your Honor Under I just want to understand This inquiry argument That you're making So 12.112D Protects the confidentiality Of the information received From an inquiry That pertains to An employee's disabilities Yes, under the ADA Yes And then it's applied To the Rehab Act Through the sections That Judge Jordan has referenced So under D4B You can make an exception For inquiries Yes But under 4C You have to keep those inquiries confidential Yes And so it's your position That under those Under that form You had no This was not an inquiry The FMLA form It's not an inquiry Legally Under the Rehab Act Because it is not Intended or necessary That someone disclosed a disability By the form itself Yes But if the form is encompassing So as to require disclosure And information about something Which may or may not be a disability Why isn't that an inquiry? Because the Rehab Act Only addresses things That are solely directed Towards disability In terms of discrimination I can understand that But this is not a discrimination provision Right It's a privacy disclosure provision But in that The Rehab Act is limited To things that are directed solely Not just discrimination But things that are directed solely To disability To the disability Yes To, yes, Your Honor Thank you, Your Honors We will rest on the brief On the other issues Thank you All right, thank you very much Thank you Please, the Court With reference to the Can I ask you a question? Yes, absolutely If we I'm just trying to understand this Under My understanding is So there's the Lee case And the Taylor case Correct? That talks about the You're not in my brain I'm sorry On the inquiry and the rehabilitation And the application of the Rehabilitation Act To this The analysis of whether or not It's an inquiry That's correct Okay, so Those are not cases About an FMLA form Just to be clear Okay Are there any cases That deal with an FMLA form And The Rehabilitation Act Is that the Doe case? The Doe case, yes Okay That case is Fits like a glove For this So we would If we went the other way We would create a circuit split If you went the other way You would You would create a split Between you all And the DC circuit Yes, Your Honor Um One point about this case So This This Case doesn't require the court To decide whether Keep your voice up Oh yes, Your Honor This court This case doesn't require the court To decide In every instance Whether An FMLA type inquiry Would Be an inquiry Under the Rehabilitation Act In this specific case There is no question That The Leave that she sought And the employer knew this Was for A serious medical condition That was going to require her To be out of work For some time And was going to require Had Serious physical implications On her body So It Under the The way that the ADA defines Disabilities Especially In light of the 2008 amendments In this instance There is no question That the inquiry Made by the FMLA form Would Would necessarily Reveal information To the employer About a disability And again Not just to Some Medical issue That doesn't rise To the level of disability So I think the The The Ruling that the Agency is seeking To make Is one that this court That doesn't fit the facts Of the case And would be A much broader Sort of ruling Than is Necessitated by this case Ms. Sweeney says that A case like Doe Isn't really Persuasive Because The form here Could have encompassed Conditions that are not Disability And therefore Wouldn't come within the purview Of the rehabilitation Can you respond to that? Well certainly not in this instance Because the The inquiry The way you get an FMLA form Is you tell your employer I'm Really I have a serious medical condition That is going to require me To be out of work For an extended period of time And then they say Okay we Here's the specific information We need from you In order to evaluate That request Well it may not be Just for you You could also be For a family member Correct? That's true That's true And so that would be A different case For the adoption of a child Or That's The sort of Care for other provisions Of the FMLA But that was not That's not this case This is a case in which The employer The employee says to the employer I have a serious medical condition Well I understand that In this case But it's not across the board I guess we're trying to see If we had to write an opinion What What would be the Bright line test Or the bright line rule here And that's sort of Why we're making These kind of inquiries Yes your honor I If I was If I was writing the opinion I would And I wanted to be Conservative I would limit it To the facts of this case Because I don't think You would There would be no need To say In every instance In which there is A FMLA request Because Like My friend points out There could be Well like you point out There could be A care for other Type issue That may not Implicate the rehabilitation act But In this case When the employer Is specifically Made aware The reason for my request Is For my own Very serious Medical condition That is so serious That I will be out of work For an extended period Of time And then Their response Is to give you a form That states specifically On the form Describe medical facts Including The condition The symptoms The diagnosis Any regimen Of continuing treatment Such as the use Of specialized treatment That's the kind Of information In context Of this specific Inquiry That necessitates The employee To reveal Sort of Information About a serious Medical condition That rises To the level Of disability But I think Her argument If I understood it Correctly Goes a little bit Deeper Which is If the form Isn't asking about A condition That constitutes A disability It's not an inquiry If it was not And I think The argument Goes Under the FMLA You can ask For leave For things That don't Constitute A disability In other words You may have An operation That requires A long period Of convalescence And you need FMLA leave But once the Surgery is done And the period Of convalescence Is done You're back up To new And you can go Back to work Right but that Example That would Absolutely be Covered under The ADA If you were If you had A physical Condition That required You to be Off work In order To Continue Working You know I need some Leave Due to my Serious medical Condition That is What the ADA Means when they Talk about A reasonable I'm sorry The ADA Your honor I'm sorry Yes So I can't Think of a FMLA and the ADA Are not I mean They're concentric Circles that overlap To a large degree But they're not One and the same Correct your honor You can have Some things that Come within The FMLA That are not ADA Covered Right We that That's something We could Debate about I think With with Respect to The Certainly in The instance Where it's Care for another Absolutely If we If the Question is The FMLA Requires that You have A serious Medical condition That will put You out of work For an Extended period Of time And it I would have To rack My brain To think Creatively Can I think Of an example Where that Would not Be an ADA Qualifying Disability I'm an ADA Advocate In a Serious Car Accident ADA I break My arm I need To be Off Leave It depends How long You need To be Out For You have A certain Type of Broken Arm A fracture Let's say And you Get it Set You could Theoretically Go back To work The next Day And you You take A week Of leave That you Already have You don't Have to Submit to Paperwork From FMLA Leave And you Go back To work And you Don't need Your left Arm To work You work At a Desk That Broken Arm Is not A disability Under The ADA If you Need the Leave I think It is A disability You're Asking your Employer To accommodate You You take A crude Leave That you Have For a Week You don't Want to Go through FMLA You just Take a Week You've Got five Weeks Of crude You just Take a Week And then you Come back After a Week Maybe we're At too Granular A level Yeah I Would Preface Any Answer To This By Saying I Don't Want That To Be A Disability Under The ADA I Would Just Close By Saying Under The Facts Of This Case The Sort Of Inquiry That The Employer Made For Me       Saying   Want That To Be A Disability Under The ADA I Would Just Close By Saying I Don't Want          Would Just Close By Saying I Don't Want That To Be A Disability Under The ADA I Would Just Close